## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

*In re BAYCOL PRODUCTS LITIGATION*      MDL NO. 1431 (MJD/SRN)


**REPORT AND RECOMMENDATION**

This Document Relates to:

*Larry Crow v. Bayer Corp., et al.*      Case No. 04-1251

_____

No appearance on behalf of Plaintiff Larry Crow

Philip S. Beck, Adam Hoeflich, Susan Weber, and James Mizgala, Esqs., on behalf of Defendant Bayer Corporation

_____

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned United States Magistrate Judge on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Larry Crow (Doc. No. 4). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I.      INTRODUCTION

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Federal Rules of Civil Procedure 37(b)(2)(C) and 37(d) for Plaintiff's failure to appear at his duly noticed deposition on June 18, 2007, in Las Cruces, New Mexico. Section I.A.2 of PTO 149 provides, in relevant part:

d.      Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled

deposition, such Plaintiff's claims will be dismissed with prejudice.

e.      If a party or its counsel does not intend to appear for a deposition, counsel for that party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence.  Absent a showing of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

On May 21, 2007, fully consistent with PTO 149, Defendant Bayer served a Notice of Deposition of Plaintiff Larry Crow upon Plaintiff's counsel of record to be taken on June 18, 2007, at the offices of Saenz, Torres Law Firm in Las Cruces, New Mexico.  Neither Plaintiff nor Plaintiff's counsel appeared for the deposition.  Bayer therefore created a record documenting Plaintiff's failure to appear.  Fees for the court reporter's services totaled $65.00.

On June 20, 2007, Plaintiff's counsel informed Bayer's counsel that Plaintiff no longer wished to pursue his claims and requested that Bayer prepare a stipulation and voluntary order of dismissal. Bayer agreed to stipulate to dismissal but did not agree to release Plaintiff's counsel from liability for the cost of court reporting fees for the deposition.

## II.      DISCUSSION

Defendant Bayer argues that Plaintiff willfully violated PTO 149, which established mandatory procedures for case-specific discovery, and that Bayer was substantially prejudiced by Plaintiff's failure to appear for his deposition.  Bayer specifically contends that Plaintiff's non-attendance at the deposition prevented it from eliciting critical factual testimony on a wide range of topics such as whether the original Plaintiff, Juanita Colelli, now deceased, used Baycol; the nature, extent, and potential causes of Ms. Colelli's alleged injuries; and the extent of damages.  Further, Bayer submits that Plaintiff's

2

deliberate failure to attend his deposition demonstrates a lack of interest in this case and abandonment of his claims.  Plaintiff did not respond to Bayer's motion.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice. In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule    . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof."  Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party.  Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (citation omitted).  While a district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue.  Id. (citations omitted).  Before imposing dismissal, a court must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available.  Id. (citations omitted).  The Court notes that the sanction of dismissal has been found appropriate in similar Baycol matters.  See, e.g., Toles v. Bayer Corp., Civ. No. 03-1174 (MJD/SRN), slip. op. at 1-2 (D. Minn. Apr. 26, 2007).

In the present case, PTO 149 specifically and clearly calls for the dismissal of an action if a plaintiff fails to appear for his or her deposition.  Further, the Court finds that Bayer has shown the requisite prejudice.  It is undisputed that Bayer is entitled to discover fundamental facts regarding usage

of Baycol, injuries, and damages by way of deposition.  Plaintiff's willful failure to appear at his

deposition, without any notice to Bayer, makes it virtually impossible for Bayer to prepare an adequate

defense to his claims.  Hence, a sanction of dismissal of Plaintiff's claims is appropriate under these

circumstances.

Ordinarily, the Court would consider whether a lesser sanction against Plaintiff would cure the

prejudice to Bayer.  As neither Plaintiff nor Plaintiff's counsel opposes dismissal, however, a lesser

sanction is not appropriate.

Section I.A.2.e of PTO 149 provides that, absent a showing of good cause, counsel for a non-

appearing party who fails to provide notice to Bayer's counsel that Plaintiff may not appear for his or

her deposition will be liable for the fees of the court reporter.  Plaintiff's counsel here clearly should

have notified Bayer that Plaintiff would not attend the deposition.  Based on these facts, the Court

concludes that incurring $65.00 in court reporter's fees to document Plaintiff's failure to appear is not

excessive.  PTO 149 places the burden on Plaintiff's counsel to demonstrate good cause to avoid

liability for the fees, and Plaintiff's counsel has failed to do so.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that:

1.     Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Larry

       Crow (Doc. No. 4) be **GRANTED**;

2.     Plaintiff Larry Crow's claims be **DISMISSED WITH PREJUDICE**; and

3.     Plaintiff's counsel be required to pay the sum of $65.00 to Bayer Corporation within 10

days of the District Court's Order should the District Court adopt this Report and

Recommendation.


Dated:  July 31, 2007

                                             s/ Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 15, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.